FISK vs. *BROWDER & AL.*

Eastern Dist,
*May*, 1828.

APPEAL from the court of the third district.

MATTHEWS, J. delivered the opinion of the court. This suit is similar to that just decided, Semple & Sterling vs. Buhler; both being against sheriffs for malfeasance in the performance of their official duties. The present is founded on charges of negligence or unskillfulness in the return of executions which issued on a judgment in favor of the plaintiff. One of the writs was a *fi. fa.* and returned by Collins whilst he acted as sheriff; the other a *ca. sa.* returned by Browder, who succeeded Collins in office. These defendants are joined in the same action, and to this mode of pursuit an exception was pleaded in the court below which was overruled, and perhaps improperly. It is however unnecessary now to decide on this question, as we are of opinion that the appellees must succeed in defeating the claims of the plaintiff on their plea of prescription.

The last writ was returned on the 17th of May, 1823, sooner after it had been received than by law the officer was authorised to make his return.

This return being *non est inventus*, the

*Whether two sheriffs may be sued together for illegal returns, on different writs in the same suit?*

*The action for an illegal return, is prescribed by one year.*

Eastern Dist.
May, 1828.

FISK
vs.
BROWDER &
AL.

plaintiff in execution commenced proceedings against the bail of the defendants in the origina action, which ended in exonerating said bail from the obligation of his bond of the 5th of May, 1825. The present suit began by service of citation in November, 1826. The Louisiana Code obtained the force of law in the city of New Orleans on the 20th of May, 1825. When it went into operation in the different parishes of the state we have not certainly ascertained, but it most probably was received in that of West Feliciana before the month of November, 1825. From this statement of dates it is readily perceived that the fate of the action will not be changed so far as it rests on prescription whether the date from which it began to run be fixed at the period of the return of the *ca. sa.* or that when the bail was exonerated by final judgment in his favor. From either of those periods more than one year had elapsed previous to the commencement of the present action, after the promulgation of the code which limits such actions by that space of time. We however are of opinion that the prescription pleaded would (under such a law as now ordains it) have commenced from the date of the illegal return of the sheriff on the *ca. sa.*

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs in both courts.

Eastern Dis.
*May*, 1828

FISK
*vs.*
BROWDER &
AL.

*McCaleb* for the plaintiff, *Watts* for the defendants.